IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00601-RM-KLM

DAN ELMER,

    Plaintiff,

v.

ALL AROUND ROUSTABOUT, LLC
ALL AROUND TRUCKING, LLC
RELIABLE FIELD SERVICES, LLC
ACE ENERGY SERVICES, LLC

    Defendants.
_____

# AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants All Around Roustabout, LLC, All Around Trucking, LLC, Reliable Field Services, LLC, and Ace Energy Services, LLC's** (the "Defendants") **Motion to Set Aside Clerk's Entry of Default and for Leave to Answer or Otherwise Plead** [#20][2] (the "Motion"). Plaintiff filed a Response to the Motion (the "Response") [#28], and Defendants filed a Reply (the "Reply") [#29] in further support of the Motion. The Court has reviewed the Motion, the Response, the Reply, the entire

---

[1] This Recommendation amends the Court's September 23, 2015 Recommendation [#35] to add an instruction to the parties regarding their deadline to file an objection. As a result, this Recommendation also amends the deadlines suggested in the September 23, 2015 Recommendation.

[2] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#20] be **GRANTED**.

### I. Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Montana and Defendants are citizens of Colorado. *See Verified Complaint* [#1] at 1-2.

### II. Background

#### A. Factual and Procedural Background

Prior to filing this action, counsel for the parties engaged in written correspondence regarding termination of Plaintiff's employment with the Defendant companies. *Motion* [#20] at 1; *Response* [#28] at 1. Written communication between counsel did not resolve the dispute and Plaintiff filed this action on March 24, 2015. *Motion* [#20] at 2; *See Verified Complaint* [#1] at 11. Plaintiff filed a Return of Service showing that Defendants were served on March 31, 2015. *See generally Return of Service* [##5-8]. Defendants did not respond to the Complaint. Plaintiff's counsel filed a Motion for Entry of Default and, on May 15, 2015, the Clerk of the Court entered default against Defendants. *See generally Clerk's Entry of Default* [#11]. Defendants allege that they received notice of the Entry of Default on June 3, 2015 and immediately contacted their counsel. *Motion* [#20] at 3. Defendants maintain that prior to June 3, 2015, their counsel was unaware of the commencement of this lawsuit or the Entry of Default. *Id.* On June 10, 2015, Defendants filed the instant Motion.

**B.     The Motion**

In the Motion, Defendants argue that the Entry of Default should be set aside pursuant to Fed. R. Civ. P. 55(c). *Motion* [#20] at 4. Defendants rely on three factors (the "*Gilmore* factors") to persuade the Court to set aside the Entry of Default. *Id.* at 5, 1-3. The *Gilmore* factors are: (1) whether culpable conduct led to the default, (2) whether plaintiff will be prejudiced by setting aside the entry of default, and (3) whether defendant has a meritorious defense. *Gilmore v. Carlson*, 72 F.App'x 798, 801 (10th Cir. 2003) (table decision). Defendants argue that under Rule 55(c), they have shown good cause to set aside the Entry of Default. *See generally Motion* [#20] at 5.

Defendants address each of the *Gilmore* factors separately. First, Defendants argue that their failure to respond was an honest mistake. *Id.* at 6, 1-3. Though Defendants concede that the Complaint was properly served, Defendants allege they mistakenly assumed that a copy of the Complaint was also served on their counsel. *Id.* at 3, 1-5. Defendants state that this assumption was based on Plaintiff's counsel's previous direct contact with defense counsel. *Id.* Defendants contend that an honest mistake does not constitute culpable conduct. *Id.* at 6, 9-12. Second, Defendants argue that Plaintiff's ability to prosecute the case has not been prejudiced because the time delay did not cause material harm to Plaintiff, and thus, the delay is not prejudicial. *Id.* at 7-8. Third, Defendants argue that they have meritorious defenses to Plaintiff's claims. *Id.* at 9.

In support of their factual allegations, Defendants attach five exhibits. First, Defendants provide the Declaration of Frank Nisenboim, the Executive Vice President of Business Development for Defendants All Around Roustabout, LLC and Reliable Field Services, LLC. *See generally Motion, Ex. 1* [#20-1] (the "Nisenboim Declaration"). Second,

Defendants attach the termination letter sent to Plaintiff by Defendants. *See generally Motion, Ex. 2* [#20-2] (the "Termination Letter"). Defendants include the demand letter sent by Plaintiff's counsel prior to the filing of this action. *See generally Motion, Ex. 4* [#20-4] (the "Demand Letter). Defendants also include their response to Plaintiff's Demand Letter. *See generally Motion, Ex. 3* [#20-3] (the "Demand Letter Response"). Finally, Defendants attach the Declaration of Sang-yul Lee, an attorney representing Defendants. *See generally Motion, Ex. 5* [#20-5] (the "Lee Declaration").

In the Response, Plaintiff argues that the Motion should be denied because Defendants fail to meet the good cause standard. *Response* [#28] at 4. First, Plaintiff argues that Defendants acted with reckless disregard when they did not contact their counsel on being served. *Id.* at 7. Plaintiff asserts that reckless disregard is sufficient to establish culpable conduct. *Id.* Under the second *Gilmore* factor, Plaintiff argues that his case will be prejudiced for three reasons: (1) the "erosion of memories and dispersion of witnesses," (2) expended attorney's fees, and (3) a risk that Defendants might be unable to pay in full any recovery resulting from this lawsuit. *Id.* at 8. Specifically, Plaintiff is seeking unpaid wages under the Colorado Wage Claim Act, which are subject to accruing interest. *Id*. Plaintiff alleges that there is a risk that Defendants, should Plaintiff be entitled to recovery, might be unable to pay the damages sought in the Complaint or the interest accrued under the Colorado Wage Claim Act. *Id* at 9. Finally, Plaintiff argues that the defenses asserted by Defendants have no factual support and, therefore, are not meritorious defenses. *Id.*

In support of his arguments, Plaintiff attaches a January 22, 2015 email from Frank Nisenboim, in which Nisenboim urges Plaintiff to engage in a settlement conversation. *See*

*generally Response, Ex. 1* [#28-1] (the "January 22 Email").

In the Reply, Defendants reiterate that their failure to respond was an honest mistake, remedied as soon as defense counsel received actual notice of the Complaint, and therefore does not constitute culpable conduct. *See Reply* [#29] at 2. Defendants dispute Plaintiff's allegation that defense counsel was unresponsive to Plaintiff's counsel. *Id.* at 4. Specifically, defense counsel assert that they contacted Plaintiff's counsel to accept service should a complaint be filed and to inform Plaintiff's counsel that a response to the Demand Letter was being finalized. *Id.* Defense counsel state that in response to that conversation, "Plaintiff's counsel indicated that she would temporarily forego any filing in anticipation of receiving a response to her client's demand." *Reply, Ex. 1* [#29-1] (the "Williams Affidavit") ¶5. Defendants also refute Plaintiff's allegation that Defendants did not contact their counsel for 71 days; Defendants claim that the number of days elapsed from the service of the Complaint to when Defendants contacted their counsel was 64 days. *See generally Reply* [#29] at 5. Finally, Defendants assert that the Entry of Default is governed by the good cause standard of Rule 55(c), which is a lesser standard than the Rule 60(b) standard frequently cited by Plaintiff. *Id.* at 7.

In support of their position, Defendants attach the Williams Affidavit. Mr. Williams, counsel to Defendants, states that: he spoke to Plaintiff's counsel; Mr. Williams and Mr. Lee agreed to accept service on behalf of their clients; Mr. Williams and Mr. Lee informed Plaintiff's counsel that the response to the Demand Letter was almost finalized; and defense counsel first learned of the Entry of Default on June 3, 2015. *Williams Affidavit* [#29-1] ¶ 5-9.

### III.  Analysis

The Federal Rules of Civil Procedure contemplate a two-step process for entry of default judgment. *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013).  First, the party seeking a default judgment must request an entry of default from the clerk of the court under Fed. R. Civ. P. 55(a).  *Id.*  After default has been entered by the clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b).  *Id.*  Rule 55(c) allows an entry of default to be set aside "for good cause," and allows a default judgment to be set aside pursuant to Rule 60(b).  Because only the first step, entry of default, has occurred in this case, the Court will consider the Motion under Rule 55(c), which states that a "court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).

In determining whether to vacate the entry of default for good cause, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense.  *See Gilmore,* 72 F.App'x at 801.  The Court need not consider each of these factors and may consider other factors in its discretion.  *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (table decision) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  Guiding the Court's analysis is the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

**A.     Culpable Conduct**

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."  *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (citing 6 James W. Moore et al., Moore's Federal Practice ¶ 55.10[1] (2d ed.1992)), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996); *see also United States v. $285,350.00 in U.S. Currency*, 547 F.App'x 886, 887 (10th Cir. 2013) (unpublished decision).  Conversely, an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c).  *See id.*; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decision making, or otherwise trying to manipulate the legal process).  Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist.  *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 51011 (N.D. Ohio 1983) (finding that a mistaken delay in response was not willful because the defendant "expeditiously moved to remedy his mistake")); *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008).

In this case, Plaintiff argues that Defendants' conduct was willful because their assumption that defense counsel was handling the case represented a "reckless disregard for repeated communications regarding a suit. . . ."  *Response* [#28] at 7.  Plaintiff argues that reckless disregard is willful behavior and thus, constitutes culpable conduct by Defendants.  *Id.*  Plaintiff further maintains that the June 22 Email is evidence that

Defendants' failure to respond was a defense strategy. *Id.*

Defendants do not dispute that service of process was made on March 31, 2015. *Motion* [#20] at 2. Instead, Defendants argue that because Plaintiff's counsel was aware that Defendants were represented by counsel and that counsel for both parties were in contact prior to the filing of the Complaint, Defendants' assumption that the Complaint was sent to their counsel was reasonable. *Id.* Defendants assert that their incorrect assumption was an honest mistake and any culpability was mitigated by defense counsel's quick action. *Id.* at 6. Defense counsel filed an Entry of Appearance five days after receiving notice of the Complaint and filed the Motion seven days after receiving notice of the Complaint. *Lee Declaration,* [#20-5] ¶ 5-11. Furthermore, Defendants argue that defense counsel's quick response refutes Plaintiff's claim that Defendants willfully ignored the Complaint as a defense strategy. *Reply* [#29] at 7.

While Defendants could have affirmatively reached out to their counsel after receiving the Complaint, "Defendant[s]' failure to timely respond or otherwise answer was not a willful or a flagrant disregard of the [ ] court's authority." *See Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *2 (D. Colo. Jan. 2, 2015) (citing *Timbers Preserve*, 999 F.2d at 454). Furthermore, the Court does not find that the January 22 Email shows a desire or strategy by Defendants to purposefully delay litigation. The January 22 Email was sent a week before Plaintiff sent the Demand Letter and months before the Complaint was filed. *Reply* [#29] at 5. The January 22 Email does not evidence a threat by Defendants to intentionally delay litigation proceedings in a case that had not even been filed. Further, it is undisputed that the parties engaged in discussions about the issues in this dispute after the January 22 Email and before Plaintiff filed suit. *Motion* [#20]

at 2; *Response* [#28] at 3. Accordingly, the Court finds that Defendants' actions do not support a finding of culpable conduct.

**B.     Prejudice to Plaintiff**

A plaintiff is prejudiced when his "ability to pursue the claim has been hindered . . . [by, for example] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F.App'x 519, 523-24 (3d Cir. 2006) (applying the more stringent standard of Rule 60(b) because the court had already entered a default judgment) (citation and quotation marks omitted); *SecurityNational Mortgage Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014). Therefore, mere delay does not constitute prejudice if the plaintiff is still able to prove his case. *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000). As in the analysis of culpable conduct, prejudice to the plaintiff is also mitigated when the defendant acted quickly to remedy the mistake. *See Apex Mobility*, 2015 WL 59553, at *3 (finding no prejudice to the plaintiff "because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default . . . ."); *Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2012 WL 2366617, at *3 (D. Colo. June 21, 2012) (finding no prejudice in setting aside entry of default when the defendant filed a motion for relief three days after default was entered); *Zen & Art*, 2006 WL 1883173, at *3 (finding no prejudice where counsel entered an appearance seven days after the entry of default and filed a motion for relief ten days after default was entered). In this case, as noted above, defense counsel filed the motion seven days after they received notice of the Entry of Default. *Motion* [#20] at 3-4.

Plaintiff argues that he will be prejudiced if the Motion is granted because (1) the

delay created a risk of "erosion of memories and dispersion of witnesses," (2) he expended attorney's fees in filing the Motion for Entry of Default and responding to the Motion, and (3) Defendants might be unable to pay the damages and accrued interest. *Response* [#28] at 8. With regard to his first argument, Plaintiff has not shown that the risk of "erosion of [witness] memories" will actually render evidence inaccessible or inhibit the litigation of his claim. *Id.* Instead, Plaintiff offers only a conclusory argument without support. General assertions of prejudice do not demonstrate actual prejudice, and are thus, insufficient to establish prejudice. *Desselle v. Synchrony Bank*, No. CIV. A. 15-693, 2015 WL 4755170, at *2 (E.D. La. Aug. 11, 2015). With regard to his second argument, Plaintiff again does not present any evidence to support his allegation that Defendants might be unable to pay the full recovery, should such damages be awarded. Plaintiff's conclusory statement does not establish prejudice. *Desselle,* 2015 WL 4755170, at *2. Therefore, the Court finds no merit in Plaintiff's argument that he is prejudiced by the risk of eroding witness memories or his argument that Defendants might be unable to pay the full damages.

Finally, Plaintiff argues he is prejudiced by the attorney's fees and costs generated as a result of Defendants' failure to respond to the Complaint. *Id.* As the Court noted in *Procom Supply*, "[al]though Plaintiff's time and court costs in drafting and filing the motion for default judgment and response to [Defendants'] motion could have been avoided, all other pre-trial and trial actions would not have been avoided had Defendant[s] followed the Rules of Civil Procedure." *Procom Supply*, 2012 WL 2366617, at *3. Here, defense counsel moved quickly to remedy their mistake and Plaintiff can point to no actual prejudice other than his costs spent moving for the Entry of Default and briefing the instant Motion. In such a circumstance, the Court is empowered to impose conditions on the grant of a motion to

10

set aside an entry of default. *SecurityNational*, 2014 WL 4627483, at *4 (requiring the defendants to pay the reasonable attorney's fees and costs incurred by the plaintiff in moving for entry of default and opposing the motion to set aside the entry of default); *Adams v. Robinson Outdoor Prods., LLC*, No. 12–cv–03237–RBJ, 2013 WL 1412332, at *3 (D. Colo. Apr. 8, 2013) (requiring the defendant to pay $1,375.00 in reasonable attorney's fees and costs incurred in filing the entry of default as a condition of setting aside entry of default); *Procom Supply*, 2012 WL 2366617, at *4; *Archer v. Darling*, No. 09-cv-01988-PAB-KMT, 2011 WL 63634, at *3 (D. Colo. Jan. 7, 2011); *see* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010) (prejudice caused by "additional expense" can be "eased by requiring the defaulting party to . . . pay court costs"); *see also Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."); *cf. Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 (recognizing that district courts are afforded "imaginative and flexible use of power to impose conditions on the granting of relief from a default judgment"). Accordingly, the Court concludes that any prejudice Plaintiff may have suffered as a result of Defendants' delay in responding to the Complaint can be mitigated by requiring Defendants to pay the reasonable attorney's fees and costs incurred by Plaintiff in seeking the Entry of Default and briefing the instant Motion.

**C.     Meritorious Defenses**

In determining whether a defendant has sufficiently alleged meritorious defenses to set aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding

the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978); *Signed Pers. Check No. 730*, 615 F.3d at 1094 (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

In this case, Defendants assert several affirmative defenses. For example, Defendants contest the existence of a valid employment contract; allege that Plaintiff was terminated for cause; allege that Plaintiff cannot meet the elements of promissory estoppel because no clear promise existed and Plaintiff cannot prove his reliance on the alleged promise; allege that Plaintiff cannot prove unjust enrichment because Defendants paid all monies owed to Plaintiff and did not receive an unjust benefit. *Motion* [#20] at 10-11. Although Defendants are not required to present evidence supporting their defenses, Defendants attach several exhibits to support the defenses they raise. *See generally Motion* [##20-1, 20-2, 20-3]. However, "because the Court finds that two of the three [*Gilmore*] factors tip in favor of granting the [Motion], the Court need not address the third factor in order to determine that good cause exists to set aside the entry of default." *Apex Mobility*, 2015 WL 59553, at *3.

Accordingly, for the reasons stated above, the Court respectfully recommends that the Motion [#20] be **granted** for good cause shown.

## IV.  Conclusion

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Motion [#20] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the Entry of Default [#11] be **SET ASIDE**

pursuant to Fed. R. Civ. P. 55(c).

IT IS FURTHER **RECOMMENDED** that Defendants be ordered to pay the reasonable attorney's fees and costs incurred by Plaintiff in moving for the Entry of Default and opposing the Motion. The undersigned respectfully recommends that Plaintiff and Defendants be ordered to endeavor to reach a stipulation regarding a reasonable amount and shall seek imposition of the award by joint motion on or before **November 9, 2015**. If the parties are unable to reach a stipulation, the undersigned respectfully recommends that Plaintiff be ordered to file, on or before **November 9, 2015**, a motion for attorney's fees and costs pursuant to D.C.COLO.LCivR 54.3., that Defendants be ordered to file a response to that motion on or before **November 30, 2015**, and that no reply be permitted.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 7, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge